# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                      Case No. 6:11-cr-390-Orl-31GJK

**RODRIGO RICKETTS**

_____

## ORDER

This matter comes before the Court after a hearing on the Motion in Limine (Doc. 30) filed by the Defendant, Rodrigo Ricketts ("Ricketts") and the response in opposition (Doc. 39) filed by the Government.

**Background**

Ricketts has been charged by way of an indictment (Doc. 18) with one count of attempted possession of cocaine for distribution, in violation of 21 U.S.C. § 847(a)(1). According to the affidavit attached to the Complaint (Doc. 1), Ricketts told a confidential source ("CS") that he wanted to buy several kilograms of cocaine and was arrested after attempting to exchange the title to his car for one kilogram of cocaine. According to the same affidavit, upon his arrest, Ricketts told the DEA that he had met with the CS to sell watches, not to buy drugs.

The Government seeks to introduce into evidence certified copies of two prior convictions: Ricketts's 1993 conviction for possession of marijuana, and his 2001 conviction for possession of drug paraphernalia. Ricketts seeks to block the Government from introducing evidence of these convictions on the grounds that their probative value is outweighed by the risk of unfair prejudice.

**Other crimes, wrongs, or acts**

Federal Rule of Evidence 404(b) provides that:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The rule is "one of inclusion which allows such evidence unless it tends to prove only criminal propensity." *United States v. Cohen*, 888 F.2d 770, 776 (11th Cir. 1989). Within this Circuit, the test for the admissibility of extrinsic evidence of other wrongs consists of three parts:

> First, the evidence must be relevant to an issue other than the defendant's character. Second, as part of the relevance analysis, the evidence must be sufficient to support a finding that the defendant actually committed the extrinsic act. Third, the probative value of the evidence must not be substantially outweighed by unfair prejudice.

*United States v. Calderon*, 127 F.3d 1314, 1331 (11th Cir. 2005).

In a number of previous decisions, the United States Court of Appeals for the Eleventh Circuit has upheld the admission of prior drug convictions in cases where the defendant was charged with possession with intent to distribute – even where, as here, the prior conviction was for simple possession. *See, e.g., United States v. Butler*, 102 F.3d 1191 (11th Cir. 1997) (admission of seven-year-old cocaine possession conviction to prove intent to distribute cocaine not abuse of discretion); *United States v. Matthews*, 431 F.3d 1296, 1311-12 (11th Cir. 2005) (admission of evidence of defendant's arrest eleven years earlier while selling cocaine and marijuana on street not abuse of discretion in case where defendant was charged with conspiracy to distribute cocaine). Nonetheless, the decision as to whether to admit such evidence remains a matter of this court's discretion. *See Matthews* at 1312 ("While this panel may have decided the issue differently, particularly given the lack of similarity and the extended period of time between the offenses, we cannot say that the trial

court's decision to admit the evidence constituted such a clear error of judgment as to amount to an abuse of discretion.").

At least for purposes of the instant motion, Ricketts does not argue that the evidence that the Government seeks to introduce is insufficient to support a finding that he committed the extrinsic acts at issue. Thus, this opinion will only address whether the evidence is relevant to an issue other than the Defendant's character, and whether its probative value is substantially outweighed by unfair prejudice.

**Intent**

Ricketts has pled not guilty. (Doc. 24). As a result, his intent is a material issue in this case. *See, e.g.*, *Matthews*, 431 F.3d at 1311; *Butler*, 102 F.3d at 1195. The question is whether his previous convictions shed light on his intent in the instant case. The Government argues that Ricketts's previous convictions "make it more probable that the Defendant met with [the CS] to buy cocaine and not, as he contends ... to sell watches to [the CS]." (Doc. 39 at 4). The Government offers no explanation as to why this is so – *i.e.*, why the Defendant's possession of marijuana almost twenty years ago makes it more likely that on this specific occasion he intended to buy a kilogram of cocaine rather than sell watches. No reason is immediately apparent. And the same holds true for the paraphernalia conviction.

In assessing the probative value of the extrinsic evidence, the Court must evaluate (1) the Government's incremental need for the evidence to prove guilt beyond a reasonable doubt, (2) the overall similarity of the extrinsic evidence and the charged offenses, and (3) the closeness or remoteness in time of the charged to the extrinsic offense. *United States v. Parr*, 716 F.2d 796, 805 (11th Cir.1983). Prior to trial and its attendant evidentiary rulings, and with other motions in limine

still pending, the Court is not in a position to assess the Government's need for these particular pieces of evidence. Accordingly, the Court assumes *arguendo* that the Government's need for the evidence is compelling. However, the other factors weigh against admission. Other than the fact that all three offenses involve possession of drugs,[1] the Government has not identified any similarities between them. The instant case is the only one in which the Defendant is alleged to have intended to distribute the drugs. The quantities involved in the previous convictions are vastly smaller than the quantity at issue here. And the Government has not pointed to similar methods of operation, or anything of that nature that might be relevant to the Defendant's state of mind when he met with the CS.

Moreover, the convictions occurred ten and eighteen years ago. Particularly in the case of the conviction that occurred 18 years ago, the passage of time has diminished whatever probative value the convictions possessed.

---

[1] In regard to the more recent conviction, the Government seeks to introduce police testimony that Ricketts was in possession of cocaine, not merely paraphernalia. The Court has not yet ruled on the admissibility of this evidence. Nonetheless, for purposes of this motion, the Court assumes that the "paraphernalia" conviction and the charged offense both involve cocaine and therefore are similar at least to that extent.

**Conclusion**

Under these circumstances, the Court finds that the risk of unfair prejudice from the admission of the previous convictions substantially outweighs their extremely limited probative value. Accordingly, the Motion in Limine (Doc. 30) is **GRANTED**, and the Government will not be permitted to introduce evidence of these previous convictions for the purpose of demonstrating the Defendant's intent.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 23, 2012.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

United States Marshal
United States Attorney
United States Probation Office
United States Pretrial Services Office
Counsel for Defendant
Rodrigo Ricketts